**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MEYER CORPORATION, U.S., a Delaware corporation, MEYER INTELLECTUAL, PROPERTIES, LTD, a British Virgin Islands limited company, and HESTAN SMART COOKING, INC., a Delaware corporation, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | Jury Trial Demanded |
| WIDE AFTERNOON, LLC an Illinois limited liability company, | ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT**

Plaintiffs Meyer Corporation, Inc., Meyer Intellectual Properties, Ltd., and Hestan Smart Cooking, Inc. ("Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendant Wide Afternoon, LLC, allege as follows:

**PARTIES**

1.     Plaintiff Meyer Corporation, U.S. is a Delaware corporation having its principal place of business at 1 Meyer Plaza, Vallejo, California 94590.

2.     Plaintiff Meyer Intellectual Properties, Ltd. is a limited company organized under the laws of the British Virgin Islands having its principal place of business in Kowloon, Hong Kong, China.

3.     Plaintiff Hestan Smart Cooking, Inc. is a Delaware corporation having its principal place of business at 1 Meyer Plaza, Vallejo, California 94590.

4.     Upon information and belief, Defendant Wide Afternoon LLC is an Illinois limited liability company having its principal place of business at 1315 West Barry Avenue Chicago, Illinois 60657.

## NATURE OF ACTION

5. Plaintiffs bring this case against Defendant to remedy Defendant's unfair competition through Defendant's systematic and willful violations of 15 U.S.C. §§ 1114 and 1125(a) (hereinafter referred to as the "Lanham Act").

6. This is an action for violation of the Lanham Act.

7. Defendant's actions have caused and will continue to cause irreparable harm to Plaintiffs, and Plaintiffs seek injunctive relief and damages.

## JURISDICTION AND VENUE

6. The Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 because Plaintiffs' claims are predicated under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

7. On information and belief, this Court has personal jurisdiction over Defendant because Defendant is conducting business in the State of Illinois and in this judicial district. Upon information and belief, Defendant has and continues to violate the Lanham Act, as described further in the Complaint, in the State of Illinois and in this judicial district.

8. Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims herein occurred within this district, and because Defendant is subject to personal jurisdiction in this district.

## STATEMENT OF FACTS

### Plaintiffs and the HESTAN CUE® Marks

9. Plaintiffs are a worldwide manufacturer and provider of housewares products.

10. Plaintiffs own a large number of housewares-related trademarks in the United States and around the world.

11.    Hestan Smart Cooking, Inc. ("HSC"), is a sister company of Plaintiff Meyer Corporation, U.S. and Plaintiff Meyer Intellectual Properties, Ltd. ("MIP").

12.    MIP is the owner of four federally registered United States trademarks for the mark "HESTAN CUE," two in Class 9, and in Classes 11 and 21.  HSC is a licensee of the mark through Meyer Corporation, U.S., the exclusive licensee.  The trademarks are as follows:

A.    HESTAN CUE (word mark)

    i.    U.S. Registration Number: 5,324,643

    ii.    Registration Date: October 31, 2017

    iii.    Intl. Class: 9 – Temperature controllers for food and the preparation thereof; temperature indicators; temperature sensors.

B.    HESTAN CUE (word mark)

    i.    U.S. Registration Number: 5,324,642

    ii.    Registration Date: October 31, 2017

    iii.    Intl. Class: 9 – Computer software for mobile phones and handheld computers, namely, for software for controlling and monitoring electric cooking appliances, providing technical assistance for use thereof, and discovering, accessing, and sharing information about, and media concerning, food and the preparation thereof; computer application software for electric cooking appliances; electric and electronic controls for machines, namely, electric cooking appliances; programmable logic controller.

C.    HESTAN CUE (word mark)

    i.    U.S. Registration Number: 5,312,295

       ii.       Registration Date: October 17, 2017

       iii.      Intl. Class: 11 – Electric cooking appliances with temperature controls and related temperature sensors; programmable electronic devices for setting temperatures and cook times which also feature recipes, sold as a component of gas cooking ovens, electric cooking ovens and electric deep fryers; barbecues and grills; induction cooking appliances and induction ovens.

   D.     HESTAN CUE (word mark)

       i.       U.S. Registration Number: 5,312,296

       ii.       Registration Date: October 17, 2017

       iii.      Intl. Class: 21 – Cookware, namely, pots, pans, and pressure cookers; cooking utensils, namely, wire baskets, tongs, and handle holders.

13.    These HESTAN CUE® Marks are valid and protectable trademarks.

14.    Plaintiffs first used the HESTAN CUE® Marks at least at the March 2016 International Home and Housewares Show in previewing the product and conducting live demonstrations.  The announcement and product subsequently received significant publicity and praise in industry publications.

15.    Prior to March 2016, Plaintiffs established a strong and continuous presence on the web and social media, which continued and has continued since the March 2017 product release and shipments.

16.     Plaintiffs used the word "CUE" in a manner distinct from "HESTAN" so that the public would associate both "HESTAN CUE" and "CUE" with the unique technology of a smart phone or tablet computer application.

17.     The public has come to associate products and services identified by the HESTAN CUE® Marks and the use of housewares-related products with smartphone and tablet technology uniquely with HSC, either through sale or provision of sales, or through sponsorship, approval or affiliation.

18.     Furthermore, as a result of Plaintiffs' success in the marketplace, customer satisfaction, and Plaintiffs' advertising, marketing, and promotional efforts, industry professionals have come to associate HESTAN CUE® of the type, appearance, style, and quality of the Plaintiffs' products exclusively with Plaintiffs and the HESTAN CUE® Marks.

19.     Plaintiffs take protection of their intellectual property seriously and work to continuously protect it.

**Defendant's Infringing Conduct**

20.     Upon information and belief, Defendant promotes food storage containers in connection with the mark "CUE" in commerce ("Infringing Product").

21.     Defendant filed a trademark application with the United States Patent and Trademark Office to register the mark "CUE" for use in connection with "household containers for foods" in Intl. Class 21 (Serial No. 87/387,361)("Application").

22.     The Application is filed in the same class as one of the HESTAN CUE® Marks. (see paragraph 12(D) above).

23.     MIP filed its statements of use for the HESTAN CUE® Marks before Defendant filed the Application.

24.     Defendant's Infringing Product is posted on its website—www.cuesmarterware.com.  Defendant is actively soliciting customers and has announced that they will exhibit the product at the Consumer Technology Association January 2018 CES show and will launch a Kickstarter campaign in the near future.

25.     The Infringing Product Defendant is promoting is not merely containers, but includes electronic components that are in near field signal communication (via Bluetooth) with smart phones and tablets, similar to the HESTAN CUE® Mark registration in Class 9 (see paragraph 12(B) above).

26.     The nature of Defendant's Infringing Product creates an immediate and strong association with Plaintiffs' HESTAN CUE® product because both products are accessed with the Graphic User Interface of a smartphone or tablet.

27.     This has led to actual confusion in the industry.  HSC has received multiple inquiries from industry professionals asking if Defendant's product is associated with Plaintiffs.

28.     On November 15, 2017, counsel for Plaintiffs contacted Ty Thompson, upon information and belief the owner and manager of Defendant, via telephone and email to put Defendant on notice that Defendant's application for and display and promotion of the HESTAN CUE® Mark established a claim for trademark infringement.

29.     On November 30, 2017, counsel for Plaintiffs again contacted Defendant through Mr. Thompson via email to reiterate Plaintiffs' trademark concerns.

30.     Defendant's use of the HESTAN CUE® Mark is misleading the industry and consumers as to a possible connection between Plaintiffs and Defendant.

31.     Plaintiffs and Defendant have no agreements with each other and are not associated with one another in any way, nor have Plaintiffs approved Defendant's use of the HESTAN CUE® Marks.

32.     Upon information and belief, Defendant's continued use of the CUE mark is a willful and purposeful infringement on Plaintiffs' HESTAN CUE® Marks.

## COUNT I

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

33.     Plaintiffs incorporate by reference, and reallege each and every allegation previously asserted as if fully set forth herein.

34.     Without Plaintiffs' authorization, Defendant used the HESTAN CUE® Marks to market the Infringing Products.

35.     Defendants' use of the HESTAN CUE® Marks constitutes infringement pursuant to 15 U.S.C. § 1114.

36.     Upon information and belief, Defendant used and continues to use the HESTAN CUE® Marks in commerce with actual knowledge of Plaintiffs' rights and with actual knowledge that such use was and continues to infringe Plaintiffs' rights, all with the intention to cause confusion, mistake, and/or deception.

37.     Defendant's use of the HESTAN CUE® Marks has caused, and is likely to cause, confusion, mistake, and/or deception as to the affiliation, connection, source, sponsorship, or association of the Infringing Product's association with Plaintiffs and the HESTAN CUE® products.

38.     Upon information and belief, Defendant's intentional and willful infringement of the HESTAN CUE® Marks has caused damage and will continue to cause damage to Plaintiffs,

and is causing substantial, immediate, and irreparable harm to Plaintiffs for which there is no adequate remedy at law. Unless restrained by this Court, Defendant will continue to infringe on the HESTAN CUE® Marks. Plaintiffs are thus entitled to permanent injunctive relief.

## COUNT II

### (False Designation of Origin - 15 U.S.C. § 1125(a))

39.     Plaintiffs incorporate paragraphs 1 through 30 of this Complaint by reference, and reallege each allegation as if fully set forth herein.

40.     Defendant's use in commerce of the HESTAN CUE® Marks creates a false and/or misleading association between Plaintiffs and Defendant and/or is likely to cause confusion or mistake as to the characteristics, qualities, source, sponsorship, affiliation or approval of the goods.

41.     Upon information and belief, Defendant has intentionally and falsely designated the origin of the Infringing Product with the intention of deceiving and misleading the public at large, and of wrongfully trading on the reputation and goodwill of Plaintiffs and the HESTAN CUE® Marks.

42.     Defendant's conduct described herein has caused and unless enjoined, will continue to cause irreparable injury to Plaintiffs, including without limitation irreparable injury to Plaintiffs' brand and reputation in the housewares products industry and goodwill for which there is no adequate remedy at law.  Plaintiffs will continue to be irreparably injured unless and until Defendant's conduct is enjoined by the Court.  Plaintiffs are thus entitled to permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

1. The Court enter judgment that Defendant has committed violations of the Lanham Act;

2. The Court enter an injunction prohibiting Defendant and its agents, servants, employees, and attorneys, from using the HESTAN CUE® Marks, or any versions thereof, in connection with the offer to sell and/or the sale of any product and infringing Plaintiff's registered trademark rights;

3. Plaintiffs be awarded Defendant's gross profits derived from the wrongful conduct described herein and the damages sustained by Plaintiffs as a result of this conduct, with such amounts to be determined by the trier of fact and to be increased by applicable law;

4. Defendant be required to pay to Plaintiffs' increased damages for the Defendant's willful misrepresentations described herein;

5. Defendant be required to pay Plaintiffs both the costs of this action and reasonable attorneys' fees; and

6. Plaintiffs be granted such other and further relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues triable by jury.

Dated:  December 11, 2017                    Respectfully submitted,


/s/ *R. David Donoghue*

R. David Donoghue
Steven E. Jedlinski
Anthony J. Fuga
Elaina Emerick Andrade
HOLLAND & KNIGHT LLP

9

131 South Dearborn Street, 30th floor
Chicago, IL 60603
Tel: (312) 263-3600
Fax: (312)578-6666
david.donoghue@hklaw.com
steven.jedlinski@hklaw.com
anthony.fuga@hklaw.com
elaina.andrade@hklaw.com

***Attorneys for Meyer Corporation, U.S., Meyer
Intellectual Properties, Ltd., and Hestan
Smart Cooking, Inc.***